IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAURICE MILLER,**

**Plaintiff,**

**v.**

**BRADLEY J. ROBERT,**

**Defendant.**                                                         **No. 04-CV-594-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

On April 10, 2002, a jury convicted Petitioner Maurice Miller of attempted armed robbery. (Doc. 1, p. 4.) Petitioner was later sentenced to 20 years imprisonment. (Doc. 11, Ex. 2, p. 1). On August 25, 2004, Petitioner Maurice Miller filed a petition for writ of habeas corpus pursuant to **28 U.S.C. § 2254**. (Doc. 1.) Specifically, Petitioner asserts three due process violations: 1) the court improperly failed to continue trial in order for Petitioner to secure the presence and testimony of a witness; 2) the State failed to disclose certain evidence that would have been favorable to Petitioner; and 3) Petitioner was not found guilty beyond a reasonable doubt. (Doc. 1, pp. 9-10.)

### II. ANALYSIS

**A. Standard of Review**

This matter now comes before the Court on a Report and

Recommendation (the "Report") issued by U.S. Magistrate Judge Clifford J. Proud on August 13, 2007 pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 22.) Magistrate Judge Proud's Report recommends denying Petitioner's petition for relief pursuant to **28 U.S.C. § 2254** in all respects. (*Id.*)

Under **Rule 73.1 of the Local Rules of the Southern District of Illinois**, parties have ten days in which to serve and file written objections to the Report "which shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." **SDIL-LR 73.1(b)**. Petitioner filed a timely objection to the Report. (Doc. 23.). Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; FED. R. CIV. P. 72(b); *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." FED. R. CIV. P. 72(b); *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

### B. Petition for Writ of Habeas Corpus

As noted above, Petitioner alleges three separate due process claims related to his conviction. (Doc. 1.) However, as the Report correctly determines, Petitioner has failed to present any of the three claims to every applicable level of the Illinois courts and, therefore, has failed to exhaust all of the state remedies available

to him. *See O'Sullivan v. Boerckel*, **526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")** Furthermore, under **725 ILCS 5/122-1**, Petitioner is now time-barred from raising these specific claims for appellate review. Thus, Petitioner's failure to exhaust all of his state remedies, as to these claims, has resulted in a procedural default of those claims. Under the doctrine of procedural default, a federal court is barred from hearing the merits of any habeas corpus claim if "the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." ***Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).**

### C. Petitioner's Objections

As discussed above, **Rule 73.1 of the Local Rules of the Southern District of Illinois** provides that objections to the Report "shall *specifically identify the portions* of the proposed findings, recommendations, or reports to which objection is made and *the basis* for such objections." **SDIL-LR 73.1(b)** (emphasis added). Petitioner's objection (Doc. 19 primarily regurgitates previous arguments and reasserts Petitioner's innocence. Petitioner only briefly addresses the finding in the Report that Petitioner's failure to exhaust his state remedies has resulted in a procedural default of those claims. To this holding, Petitioner responds: "in this case matter on my own initiative without legal representation or professional knowledge

regarding the issues of procedural default on my part apologize for not knowing but hope this will not discredit me . . ."

Procedural default will serve as an absolute bar to federal habeas corpus relief, unless Petitioner is able to establish cause for failure to comply with the state procedural requirement or actual prejudice. ***See Engle v. Issac*, 456 U.S. 107, 129 (1982).** As for cause, Petitioner suggests that his lack of education and familiarity with the legal system caused the procedural default. However, the Seventh Circuit has held that limited education, failure to understand legal procedures, and even illiteracy are insufficient to establish cause. ***See Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990)**. Alternatively, to demonstrate actual prejudice a petitioner must assert actual innocence and establish by clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. ***Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002)**. The Court finds that Petitioner has failed to present such evidence. Instead, Petitioner argues that had the jury made credibility determinations in his favor that he would have been found innocent. Petitioner falls short of establishing his actual innocence and, therefore, the actual prejudice exception to the procedural default rule does not apply. As such, the Court is barred from considering the merits of Petitioner's writ of habeas corpus.

### III. <u>CONCLUSION</u>

Therefore, based on a *de novo* review of the Report and considering

Petitioner's objections, the Court **ADOPTS** Judge Proud's Report (Doc. 22) and **DENIES** Petitioner's writ of habeas corpus (Doc. 1).

    **IT IS SO ORDERED.**

Signed this 18th day of September, 2007.

/s/    DavidRHerndon
**United States District Judge**
